**Herman Charles BARNES, Petitioner–Appellant,**

v.

**John JABE, Warden, Respondent– Appellee.**

No. 95–4015.

United States Court of Appeals, Fourth Circuit.

Nov. 13, 1995.

### ORDER

Barnes raises in his application for stay essentially two claims: first, that Virginia's

"vileness" aggravating factor is unconstitutionally vague, and second, that he has been subjected to application of *ex post facto* law. The first of these claims was procedurally defaulted by Barnes when he failed to challenge the constitutionality of the "vileness" aggravating factor on direct appeal in the courts of the Commonwealth, and again when he abandoned this claim by not raising it before this court in his appeal from the judgment in his second federal *habeas* proceeding. The second claim was held by the Virginia Supreme Court on Barnes' first state *habeas,* and by the federal district court on Barnes' second federal *habeas,* to have been procedurally defaulted, and Barnes failed to assign as error to this court the district court's disposition of this claim.

■ Accordingly, Barnes is entitled to federal review of these claims only if he can show "cause and prejudice" for his failure to advance timely and properly these claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Plainly, there is no cause that prevented the timely and proper presentation of these claims. Counsel does not even attempt to advance a reason for the failure to pursue these claims earlier. They state merely that the significance of the district court's dismissal of Barnes' challenges to his sentencing procedure "in light of the Supreme Court's *Sawyer* opinion regrettably only became apparent" when counsel began this fall to prepare for filing Barnes' petition for writ of certiorari, Br. at 3; indeed, they candidly admit fault "for having failed to identify [the *Sawyer*] claim until recently." Letter to Judge Spencer, Nov. 13, 1995. Given that Barnes' "vagueness" and *ex post facto* challenges were dismissed as procedurally barred by the federal district court in Barnes' second federal *habeas* proceeding well over three years ago; that *Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), the Supreme Court's decision on which Barnes' petition ultimately depends, was decided likewise over three years ago (three weeks earlier than the district court's dismissal of Barnes' challenges); and that the alleged application of law *ex post facto* by the Virginia Supreme Court, of

which he now complains, occurred some eight years ago, the conclusion is all but inescapable that these claims were withheld so that they could serve as the centerpiece of this eleventh-hour strategy to sandbag the courts.

■ Notwithstanding Barnes' inability to show cause for his failures, he still may obtain review if his case falls within that narrow category of so-called "actual innocence" claims as to which the cause and prejudice bar does not apply. *See Sawyer, supra.* In order to come within this exception to the default rules, Barnes must establish by clear and convincing evidence that, absent constitutional error, no reasonable juror would have found him eligible for the death penalty under the laws of the Commonwealth of Virginia.

■ To establish constitutional error, Barnes must show, as he appears to recognize, *see* Petr's Br. at 18–19, either (1) that his sentencing actually constituted application of an *ex post facto* law *and* that the *Smith v. Commonwealth,* 219 Va. 455, 248 S.E.2d 135 (1978), *cert. denied,* 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979), standard is unconstitutionally vague, or (2) that *both* the *Smith* standard and the clarification applied in his case are unconstitutionally vague. We have previously sustained, for reasons that are sound, the validity of the Commonwealth's "vileness" factor as described in *Smith* against vagueness challenges. *See, e.g., Gray v. Thompson,* 58 F.3d 59 (4th Cir.1995); *Turner v. Williams,* 35 F.3d 872 (4th Cir.1994). Thus, even if, as a panel, we possessed the authority to hold the Commonwealth's vileness factor unconstitutionally vague, we would not do so. We also have specifically said that the aggravated battery standard applied in Barnes' case on direct appeal by the Virginia Supreme Court was not the wholesale abandonment of the standard enunciated in *Smith* that Barnes contends it was, or even the articulation of a new standard, but rather, was the mere clarification of the standard through its application to the facts of this case—as the Virginia Supreme Court so held, *see Barnes v. Commonwealth,* 234 Va. 130, 360 S.E.2d 196, 203 (1987); *see also Barnes v. Thompson,* 58

F.3d 971, 977 (4th Cir.1995). Thus, we do not believe that Barnes' sentencing was constitutionally infirm on any ground, much less on a ground as to which we could say that clear and convincing evidence shows that, but for error, no reasonable juror would have found him eligible for the death penalty.

Having thoroughly reviewed this case and the record for the second time now, we are fully satisfied that this is not a case even remotely raising the spectre of a miscarriage of justice. This is precisely the kind of abusive petition evidencing "[p]erpetual disrespect for the finality of convictions" which the Supreme Court observed in *McCleskey*, 499 U.S. at 492, 111 S.Ct. at 1469, has in recent years "threatened to undermine the integrity of the habeas corpus process" to the detriment of those applications that are truly deserving.

Accordingly, the request for stay is denied.

Entered at the direction of Judge LUTTIG with the concurrence of Judge WILLIAMS. Judge MURNAGHAN joins only in the judgment.